IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Angelita Mangindin, et al., | NO. C 09-01268 JW |
| Plaintiffs, | **ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; SETTING PRELIMINARY INJUNCTION HEARING** |
| v. | |
| Washington Mutual Bank, et al., | |
| Defendants. | |

Presently before the Court is Plaintiffs *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction. (hereafter, "Application," Docket Item No. 11.) Plaintiffs seek a temporary restraining order to preclude Defendants from conducting a Trustee's Sale of the real property located at 1041 Ruge Drive, San Jose, CA 95132 ("Subject Property").

In their Application, Plaintiffs represent the following: On August 29, 2006, Plaintiffs refinanced their mortgage with Defendant Washington Mutual Bank ("Washington Mutual"). (Application at 6.) On July 31, 2008, a Notice of Default was filed by Washington Mutual. (Id.) On November 11, 2008, Washington Mutual filed a Notice of Trustee's Sale. (Id.) The Trustee's Sale was set aside because Plaintiffs filed for bankruptcy. (Id.) On December 4, 2008, the Subject Property was foreclosed upon by Defendant JP Morgan, with JP Morgan becoming the owner of record. (Id.) On February 23, 2009, a second Notice of Trustee's Sale was filed by Defendant Quality Loan Service ("Quality") scheduling a Trustee's Sale for March 12, 2009. The sale was postponed until April 13, 2009, and then postponed again until May 4, 2009. (Id.)

On March 10, 2009, Plaintiffs brought this action in California Superior Court for the County of Santa Clara alleging, *inter alia*, violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*.,

fraud and negligence.  (See Docket Item No. 1.)  On March 24, 2009, Washington Mutual removed this case to federal court.  (Id.)  The Trustee's Sale is still scheduled to occur on May 4, 2009.

Upon review of Plaintiffs' Application, the Court does not find good cause to issue a temporary restraining order on an *ex parte* basis.  Plaintiffs' Application does not detail the bases for why the Trustee's Sale should be prevented pursuant to TILA or any of their state law claims.  Plaintiffs simply provide a series of conclusory statements that Defendants have engaged in fraudulent behavior, failed to meet their disclosure obligations under federal and state law, and seek to conduct and unlawful Trustee's Sale.  Accordingly, the Court does not find that Plaintiffs' have made the requisite showing of a likelihood of success on the merits or the existence of serious questions going to the merits.

Nonetheless, the Court recognizes the gravity of the harm that may befall Plaintiffs if the allegedly unlawful Trustee's Sale is permitted to occur without giving Plaintiffs the opportunity to present the merits of their case.  Thus, the Court sets an expedited schedule for a hearing on Plaintiffs' Application for a Preliminary Injunction.  The Court ORDERS as follows:

(1) On or before **May 5, 2009**, Plaintiffs shall serve Defendants a copy of this Order and their Motion for Preliminary Injunction.  Plaintiffs shall file the appropriate certificate of service with the Court.

(2) On or before **May 8, 2009**, Defendants shall file their Opposition, if any.

(3) On or before **May 12, 2009**, Plaintiffs shall file their Response, if any.

(4) The parties shall appear for a Preliminary Injunction hearing on **May 18, 2009 at 9 a.m.**

(5) In light of the Court's recognition that the Trustee's Sale is set to occur before the May 18, 2009 hearing on a preliminary injunction, the Court ORDERS Defendants to provide notice of the pendency of this action at the May 4, 2009 Trustee's Sale.

Dated:  May 1, 2009

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David C. Scott dscott@mccarthyholthus.com
James Michael Hester jhester@mccarthyholthus.com
Matthew Edward Podmenik lrodriguez@mccarthyholthus.com
Reuben Lagbao Nocos rlnocos@nocoslaw.com

**Dated:  May 1, 2009**                                               **Richard W. Wieking, Clerk**


                                                                     **By:     /s/ JW Chambers**
                                                                             **Elizabeth Garcia**
                                                                             **Courtroom Deputy**