IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Angelita Mangindin, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>Washington Mutual Bank, et al.,<br><br>　　　　Defendants.<br>_____ / | NO. C 09-01268 JW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

## I. INTRODUCTION

Angelita Mangindin, Bernadette Pantaleon and Theodore Pantaleon ("Plaintiffs") bring this action against Washington Mutual Bank ("Washington Mutual"), California Reconveyance Company ("Reconveyance"), JP Morgan Chase Bank ("JP Morgan"), and Quality Loan Service ("Quality"), alleging, *inter alia*, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, fraud and unjust enrichment. Plaintiffs allege that Defendants engaged in predatory lending and have attempted to foreclose on Plaintiffs' home without following California law.

Presently before the Court are Plaintiffs' Motion for a Preliminary Injunction[1] and Defendants' Motion to Dismiss.[2] The Court finds it appropriate to take the matter under submission

---

[1] (Memorandum of Points and Authorities in support of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, hereafter, "Plaintiffs' Motion," Docket Item No. 11.)

[2] (Memorandum of Points and Authorities in Support of Motion to Dismiss Pursuant to Rule 12(b)(6), hereafter, "Defendants' Motion," Docket Item No. 14.)

without oral argument.  See Civ. L.R. 7-1(b).   Based on the papers submitted to date, the Court GRANTS Defendants' Motion to Dismiss and DENIES Plaintiffs' Motion for Preliminary Injunction.

## II.  BACKGROUND

In a Complaint[3] filed on March 10, 2009, Plaintiffs allege as follows:

Plaintiffs are residents at 1041 Ruge Drive, San Jose, California 95132 ("the Subject Property").  (Complaint ¶ 1.)  On August 29, 2006, Plaintiffs obtained a loan for the Subject Property pursuant a deed of trust, for which Defendant Washington Mutual was the original beneficiary.  (Id. ¶¶ 2, 17.)

Defendant Washington Mutual failed to follow reasonable underwriting standards in that it failed to verify Plaintiffs' income.  (Complaint ¶ 18.)  Defendants also failed to provide all the requisite disclosures under federal and state laws.  (Id. ¶¶ 19-20.)  In particular, the Adjustable Rate Note reports an interest rate of 1.35% and a loan amount of $627,440, but makes no mention of the monthly payment.  (Id. ¶ 41.)

On July 31, 2008, Defendant Washington Mutual filed a Notice of Default. (Complaint ¶ 17.)  On November 11, 2008, Washington Mutual filed a Notice of Trustee Sale, which was set aside because Plaintiffs filed bankruptcy.  (Id.)  On December 4, 2008, the Subject Property was foreclosed upon, and Defendant JP Morgan became the owner of record.  (Id.)  On February 23, 2009, a second Notice of Trustee Sale was again filed by Defendant Quality.  (Id.)

On the basis of the allegations outlined above, Plaintiffs allege seventeen causes of action: (1) Declaratory Relief; (2) Civil Conspiracy; (3) Breach of the Covenant of Good Faith and Fair Dealing; (4) Violation of TILA; (5) Rescission; (6) Fraud; (7) Constructive Fraud; (8) Intentional Misrepresentation; (9) Concealment; (10) Negligent Misrepresentation; (11) Unfair Business

---

[3]  (Notice of Removal, Ex. A, hereafter, "Complaint," Docket Item No. 1.)

Practices; (12) Breach of Fiduciary Duty; (13) Negligence; (14) Unjust Enrichment; (15) Undue Influence; (16) Injunctive Relief; and (17) Quiet Title.

Presently before the Court are Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss.

### III.  STANDARDS

**A.   Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

**B.   Preliminary Injunction**

To obtain injunctive relief a plaintiff must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. See Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1204-05 (9th

Cir. 2000) (quoting Sardi's Restaurant Corp. v. Sardie, 755 F.2d 719, 723 (9th Cir. 1985). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id.; See Rodeo Collection Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

## IV.  DISCUSSION

Since Plaintiffs must establish a likelihood of success on the merits to obtain a preliminary injunction, the Court first considers Defendants' Motion to Dismiss to determine what, if any, of Plaintiffs' claims have been adequately alleged.

**A.     Defendants' Motion to Dismiss**

Defendants move to dismiss each of Plaintiffs' seventeen causes of action on various grounds.  The Court considers each cause of action in turn.

**1.     Fourth Cause of Action for Violation of TILA**[4]

Defendants move to dismiss Plaintiffs' Fourth Cause of Action for violation of TILA on the grounds that Plaintiffs' TILA claim is barred by the statute of limitations, Plaintiffs have failed to allege reliance on Defendants' failure to disclose and Plaintiffs have failed to tender repayment of the loan to Defendants.  (Defendants' Motion at 10-11.)

Under TILA, a borrower has two remedies for loan disclosure violations.  TILA gives a borrower the right to rescind any credit transaction in which a security interest is created in the borrower's home.  15 U.S.C. § 1635.  TILA also gives a borrower a right to civil damages.  15 U.S.C. § 1640.  A claim for rescission must be brought within three years "after the date of consummation of the transaction or upon sale of the property, whichever occurs first," while a claim for damages must be brought within one year "from the date of the occurrence of the violation."  15 U.S.C. §§ 1635(f), 1640(e).

---

[4] The Court first considers Plaintiffs' only federal cause of action since removal to this Court was pursuant to 28 U.S.C. § 1441(b).

4

For a rescission claim, TILA establishes the following framework:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. 1635(b); see also 12 C.F.R. § 226.23(d). However, the Ninth Circuit has held that TILA's framework gives a trial court discretion to condition rescission on a tender by the borrower of the property, or the property's reasonable value, to the lender. Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003).

Here, Plaintiffs' loan was consummated on August 29, 2006. Therefore, since Plaintiffs did not file this action prior to August 29, 2007, they cannot seek damages under § 1640 of TILA.[5] With respect to Plaintiffs' claim for rescission, the Complaint alleges, in relevant part, as follows:

> Defendant Washington Mutual provided inaccurate disclosures in violation of TILA. The Adjustable Rate Note reports an interest rate of 1.35%, a loan amount of $627,440.00 and makes no mention of the monthly payment. (Complaint ¶ 41.)

> Defendants [JP Morgan, Reconveyance and Quality] are secondarily liable, contributorily liable, and/or vicariously liable for [Washington Mutual's] fraud under the civil conspiracy cause of action. (Complaint ¶ 43.)

Notably absent from Plaintiffs' Complaint is any allegation that they attempted to tender, or are capable of tendering, the value of the property pursuant to the rescission framework established by TILA. Nor do Plaintiffs allege that such equitable circumstances exist that conditioning rescission

---

[5] Plaintiffs allege that "[a]ny and all statute(s) of limitation relating to disclosure and notices required pursuant to [TILA] were tolled due to Defendants' failure to effectively provide the proper TILA disclosure." (Complaint ¶ 42.) However, Plaintiffs' allegation as to tolling is conclusory and unsupported.

1  on any tender would be inappropriate. Thus, the Court finds that Plaintiffs have failed to adequately
2  allege that they are entitled to rescission under TILA.

3  Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Fourth Cause of
4  Action for violations of TILA.

**2.      Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action Sounding in Fraud**

Defendants move to dismiss all of Plaintiffs' claims sounding in fraud on the ground that Plaintiffs have failed to allege those causes of action with sufficient particularity as required by Rule 9(b). (Defendants' Motion at 12.)

Fed. R. Civ. P. Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).

Finally, a plaintiff seeking to state a claim for fraud must also plead knowledge of falsity, or scienter. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1546 (9th Cir. 1994) (*en banc*). The requirement for pleading scienter is less rigorous than that which applies to allegations regarding the "circumstances that constitute fraud" because Rule 9(b) states that "malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Nonetheless, nothing in the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to "set forth facts from which an inference of scienter could be drawn." Cooper v. Pickett, 137 F.3d 616, 628 (9th Cir. 1997) (quoting GlenFed, 42 F.3d at 1546). This heightened pleading standards applies to allegations of fraud and allegations that sound in fraud, including false misrepresentations. Vess, 317 F.3d at 1106-07; see also Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC, 404 F. Supp.

6

2d 1214, 1219 (E.D. Cal. 2005); Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

Here, Plaintiffs have alleged five causes of action sounding in fraud: Actual Fraud, pursuant to Cal. Civ. Code § 1572, Constructive Fraud, pursuant to Cal. Civ. Code § 1573, Intentional Misrepresentation, Concealment, and Negligent Misrepresentation. The allegations under each cause of action are virtually identical and repeat, in relevant part, the following:

> Defendants [JP Morgan, Reconveyance and Quality] are secondarily liable, contributorily liable, and/or vicariously liable for [Washington Mutual's] fraud under the civil conspiracy cause of action.
>
> Defendants and each and every one of them, breached their duty by, *inter alia*, engaging in the deceptive and fraudulent conduct described above. Defendants, further breached that duty by misrepresenting or failing to disclose material facts about the transaction including, but not limited to, Defendant Washington Mutual's failure to disclose and/or provide and/or explain at any time during the loan process, on or about, August 29, 2006: That they breached their fiduciary duty to Plaintiffs by putting her [sic] in a loan that was not in Plaintiffs' best interest; and disclosures required at closing as required by TILA, RESPA, and California Law.

(Complaint ¶¶ 52-53.) These vague allegations are insufficient to put Defendants on notice as to precisely what fraudulent conduct they are alleged to have engaged in. Plaintiffs do not allege who made the alleged misrepresentations, other than generally identifying "Defendants." Additionally, Plaintiffs fail to allege the specific content of the misrepresentations. Thus, the Court finds that Plaintiffs have failed to plead their causes of action sounding in fraud with the particularity required under Rule 9(b).

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action sounding in fraud.

### 3. First Cause of Action for Declaratory Relief

Defendants move to dismiss Plaintiffs' First Cause of Action for declaratory relief on the grounds that, *inter alia*, a determination on such a claim would be entirely redundant with the relief sought under Plaintiffs' other causes of action. (Defendants' Motion at 5.)

A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action. StreamCast Networks, Inc. v. IBIS LLC, C 05-04239, 2006 WL 5720345, at *4-5 (C.D. Cal. May 2, 2006).

Here, Plaintiffs seek declaratory relief in the form of a judicial declaration that "Defendants do not have the right to foreclose on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by reason of Defendants' violations of California and Federal[s] law during the loan origination process," and "Defendants have no authority to sell the Subject Property because they failed to comply with the strict requirements of [Cal. Civ. Code § 2924, *et seq*.]" (Complaint ¶ 22.) Upon review of Plaintiffs' other causes of action, the Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' First Cause of Action for declaratory relief.

### 4. Second Cause of Action for Civil Conspiracy

Defendants move to dismiss Plaintiffs' Second Cause of Action for civil conspiracy on the ground that it is not an independent cause of action, but depends on some other form of liability. (Defendants' Motion at 8.)

A conspiracy is not an independent cause of action, but "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). "By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy." Id. at 511. Liability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy. Id. at 511.

Although Plaintiffs have pleaded a civil conspiracy as a separate cause of action, the Court construes their claim as merely attempting to plead certain Defendants' secondary liability for the other torts alleged. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Second Cause of Action for civil conspiracy.

### 5. Third Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing

Defendants move to dismiss Plaintiffs' Third Cause of Action for breach of the covenant of good faith and fair dealing on the ground that Plaintiffs have failed to allege sufficient facts giving rise to such a claim. (Defendants' Motion at 9.)

Under California law, "every contract contains an implied covenant of good faith and fair dealing, obligating the parties to refrain from doing anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Wolf v. Superior Court, 107 Cal. App. 4th 25, 31 (2003). "The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." Carma Developers, Inc. v. Marathon Dev. California, Inc., 2 Cal. 4th 342, 374 (1992). "A 'breach of a specific provision of the contract is not a necessary prerequisite' to a breach of the implied covenant of good faith and fair dealing." Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 937 (9th Cir. 1999) (quoting Carma, 2 Cal. 4th at 373). Rather, the "covenant is implied to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenant) frustrates the other party's rights of the benefits of the contract." Id. (quoting Los Angeles Equestrian Ctr., Inc. v. City of Los Angeles, 17 Cal. App. 4th 432, 447 (1993)).

In this case, Plaintiffs' claim is premised on the following allegations:

Defendants, and each of them, willfully breached their implied covenant of good faith and fair dealing with Plaintiffs when Defendants, *inter alia*:

i.  misled Plaintiffs as to the fees associated with the loan and never disclosed them accurately prior to and after execution of the loan docs;

9

|   |   |
|---|---|
| ii. | failed to disclose to Plaintiffs that they was [sic] likely to default because of the lack of affordability of the loan before and after the transaction; and |
| iii. | breached their fiduciary duty to Plaintiffs by lacking of due diligence . . . . |

(Complaint ¶ 37.) Although Plaintiffs allege that Defendants failed to accurately disclose the fees associated with Plaintiffs' loan, nowhere in the Complaint do Plaintiffs allege facts to support this claim. Further, the allegation that Defendants violated the covenant by failing to disclose that Plaintiffs were likely to default on their loan does not appear grounded on a legal duty actually owed by Defendants.[6] Thus, the Court finds that Plaintiffs' allegations with respect to Defendants' breach of the covenant of good faith and fair dealing are conclusory and unsupported by facts.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action for breach of the covenant of good faith and fair dealing.

### 6. Fifth Cause of Action for Rescission and Sixteenth Cause of Action for Injunctive Relief

Defendants move to dismiss Plaintiffs' Fifth and Sixteenth Causes of Action for rescission and injunctive relief, respectively, on various grounds. (Defendants' Motion at 11, 19.) Rescission and injunctive relief are not independent causes of action. In re Atmel Corp. Derivative Litigation, C 06-4592, 2007 WL 2070299, at *10 (N.D. Cal. Jul. 16, 2007). Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Fifth and Sixteenth Causes of Action.

### 7. Eleventh Cause of Action for Unfair Business Practices

Defendants move to dismiss Plaintiffs' Eleventh Cause of Action for unfair business practices on the grounds that, *inter alia*, Plaintiffs have failed to allege sufficient facts as to Defendants' wrongful conduct. (Defendants' Motion at 13-14.)

Section 17200 prohibits any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. A practice can violate this section even if it is merely unfair and not unlawful. Gregory v. Albertson's, Inc., 104 Cal. App. 4th 845, 850 (2002). In determining whether

---

[6] To the extent Plaintiffs' allegations refer to Defendants' alleged fiduciary duty, the Court considers that issue below.

10

a particular business practices is unfair under § 17200, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim. Gregory, 104 Cal. App. 4th at 852. Further, § 17200 prohibits any violations of § 17500. Section 17500 makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ." Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc., 421 F.3d 981, 985 (9th Cir. 2005). Therefore, under §§ 17200 and 17500, a plaintiff may make a claim based on unlawful business practices, but he need only allege unfair or fraudulent business practices or knowing dissemination of untrue or misleading statements.

With respect to their § 17200 claim, Plaintiffs allege as follows:

> Defendants, and each of them, have committed acts of unfair business practices defined by California Business and Professions Code § 17200, *et seq.*, including but not limited to, by engaging in acts and practices as alleged above, including using bait and switch tactics; making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loan; making loans without providing borrowers with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrowers; and attempting to foreclose on a property without following California law.

(Complaint ¶ 94.) As with many of their other causes of action, Plaintiffs fail to plead facts to support their conclusory allegations that Defendants used "bait and switch tactics" and made loans without providing sufficient information regarding the terms, conditions and financial risk associated with those loans. Thus, the Court finds that Plaintiffs have failed to state a claim for unfair business practices.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Eleventh Cause of Action for unfair business practices.

### 8. Twelfth Cause of Action for Breach of Fiduciary Duty

Defendants move to dismiss Plaintiffs' Twelfth Cause of Action for breach of fiduciary duty on the ground that Defendants did not owe Plaintiffs a fiduciary duty. (Defendants' Motion at 15.)

11

The relationship between a lending institution and its borrower-client is not fiduciary in nature. Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095 (1991). "A commercial lender is entitled to pursue its own economic interests in a loan transaction." Id.

Since Defendants' breach of fiduciary duty is alleged to have arisen out of Defendant Washington Mutual's role as Plaintiffs' lender, the Court finds that Plaintiffs cannot state a claim under California law.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Twelfth Cause of Action for breach of a fiduciary duty.

### 9. Thirteenth Cause of Action for Negligence

Defendants move to dismiss Plaintiffs' Thirteenth Cause of Action for negligence on the ground that, as Plaintiffs' lender, Defendants did not owe Plaintiffs a duty of care.

Under California law, a lender generally owes no duty of care to a borrower. Nymark, 231 Cal. App. 3d at 1086. However, negligence liability can arise when the lender actively participates in the negotiations of a loan, including through a broker as the lender's agent. Plata v. Long Beach Mortgage Co., No. C 05-02746 JF, 2005 WL 3417375, at *7-8 (N.D. Cal. 2004) (collecting various California cases). Although a broker is customarily retained by the buyer, courts have rejected a bright line rule that a mortgage broker may never be the agent of a lender. Id. at *8. Accordingly, general allegations of agency between a broker and lender are sufficient to survive a motion to dismiss on a negligence claim under California law. Id.

Here, Plaintiffs allege that Defendants "owed Plaintiffs a duty to act with that degree of skill, prudence and diligence as other mortgage brokers and lenders of ordinary skill . . . ." (Complaint ¶ 108.) However, Plaintiffs do not allege that Defendants actively participated in an enterprise financed by the loan at issue in this case. Thus, the Court finds that Plaintiffs have failed to adequately allege that Defendants owed Plaintiffs a duty of care.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Thirteenth Cause of Action for negligence.

12

**10.    Fourteenth Cause of Action for Unjust Enrichment**

Defendants move to dismiss Plaintiffs' Fourteenth Cause of Action for unjust enrichment on the ground that Plaintiffs' allegations are conclusory. (Defendants' Motion at 18.)

To plead a claim for unjust enrichment, a plaintiff must allege that defendant (1) received a benefit that was (2) unjustly retained at the expense of another. Lechtrodryer v. Seoul Bank, 77 Cal. App. 4th 723, 726 (2000). Ordinarily, a plaintiff must show that the benefit was conferred on the defendant through mistake, fraud or coercion. Nebbi Vros., Inc. v. Brannon Street Inv., 205 Cal. App. 3d 1415, 1422 (1988).

In this case, Plaintiffs allege that Defendants were unjustly enriched in the amount paid to them by Plaintiffs in monthly mortgage payments. (Complaint ¶ 115.) The bases for Plaintiffs' allegation that the money was unjustly received by Defendants are the same allegations, outlined above, that Plaintiffs contend entitles them to rescind their loan (Id.) Since Plaintiffs have failed to adequately allege a single cause of action giving rise to a right of rescission, the Court finds that Plaintiffs' unjust enrichment claim must concomitantly be dismissed.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Fourteenth Cause of Action for unjust enrichment.

**11.    Fifteenth Cause of Action for Undue Influence**

Defendants move to dismiss Plaintiffs' Fifteenth Cause of Action for undue influence on the ground that Plaintiffs have failed to allege a confidential relationship between Defendants and Plaintiffs and a "weakness of mind" on the part of Plaintiffs. (Defendants' Motion at 19.)

Under Cal. Civ. Code § 1575, undue influence consists of (1) a person who is in a position of confidence (2) taking "unfair advantage of another's weakness of mind . . . [or] another's necessities or distress."

In this case, Plaintiffs have alleged as follows:

Plaintiff Angelita Mangindin is an elderly senior citizen.

13

> By way of the violations committed against her as alleged herein, Defendants have used undue influence and further committed unfair and deceptive practices against senior citizens in violation of Cal. Civ. Code § 3345.
>
> Defendant Washington Mutual engaged in the conduct alleged herein for the purpose of advancing their own financial interest and in callous disregard of the foreseeable consequences to Plaintiffs.

(Complaint ¶¶ 120-22.)  Plaintiffs' Complaint does not identify a confidential relationship between Washington Mutual and themselves.  Further, Plaintiffs do not allege facts showing that Defendants took advantage of Plaintiff Angelita Mangindin's elderly status.  Thus, the Court finds Plaintiffs have failed to sufficiently allege a cause of action for undue influence.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Fifteenth Cause of Action for undue influence.

**13.    Seventeenth Cause of Action for Quiet Title**

Defendants move to dismiss Plaintiffs' Seventeenth Cause of Action for quiet title on the ground that the Complaint does not contain sufficient factual allegations to state such a claim. (Defendants' Motion at 20-21.)

Cal. Code Civ. Proc. § 760.010 provides for an action "to establish title against adverse claims to real or personal property or any interest therein."  Section 761.020 mandates a verified complaint that includes: (1) A legal description and street address of the subject real property; (2) The title of plaintiff as to which determination is sought and the basis of the title; (3) The adverse claims to the title of the plaintiff against which a determination is sought; (4) The date as of which the determination is sought; and (5) A prayer for the determination of the title of the plaintiff against the adverse claims.  In addition, under California law, a plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed.  <u>Arnolds Management Corp. v. Eischen</u>, 158 Cal. App. 3d 575, 578 (1984).

Here, Plaintiffs' bare allegations simply state, in relevant part, that "Plaintiffs seek to quiet title against the claims of Defendants," and that "Plaintiffs have an ownership interest in the Subject Property." (Complaint ¶¶ 132-33.)  Plaintiffs do not identify the adverse claims to the title of the

14

Subject Property outside of alleging that "Defendants' claims are without any right." (Id. ¶ 32.) Moreover, Plaintiffs do not allege a tender, or offer of tender, for the amount borrowed from Defendants.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Seventeenth Cause of Action for quiet title.

**B.    Plaintiffs' Motion for Preliminary Injunction**

In light of the Court's determination on Defendants' Motion to Dismiss, the Court finds that Plaintiffs' have not shown a likelihood of success on the merits of their claims. Accordingly, the Court DENIES Plaintiffs' Motion for Preliminary Injunction.

**V.  CONCLUSION**

The Court GRANTS Defendants' Motion to Dismiss and DENIES Plaintiffs' Motion for Preliminary Injunction. Since the Court finds that Plaintiffs may be able to cure the deficiencies of their Complaint, the Court GRANTS Plaintiffs leave to amend as to all causes of action except Plaintiffs' Second, Fifth and Sixteenth Causes of Action.

On or before **June 29, 2009**, Plaintiffs shall file their Amended Complaint consistent with the directions of this Order. Failure to timely amend or amend pursuant to the terms of this Order may result in sanctions, including, dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: June 17, 2009

JAMES WARE
United States District Judge

15

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David C. Scott dscott@mccarthyholthus.com
James Michael Hester jhester@mccarthyholthus.com
Matthew Edward Podmenik lrodriguez@mccarthyholthus.com
Reuben Lagbao Nocos rlnocos@nocoslaw.com

**Dated: June 17, 2009**                                   **Richard W. Wieking, Clerk**

                                                      **By:   /s/ JW Chambers**
                                                           **Elizabeth Garcia**
                                                           **Courtroom Deputy**

United States District Court
For the Northern District of California